PEOPLE *v*. NICKOPOULOUS

1. CRIMINAL LAW—NEW TRIAL—DISCRETION.

Denial of a motion for a new trial which was based on an affidavit, made by a witness for the state at the trial, stating that the witness had perjured himself, was not an abuse of discretion where the affiant died a few weeks after the affidavit was made and where the affidavit did not contain any details, because the statement in the affidavit cannot be subjected to the same kind of rigorous cross-examination as occurred at trial.

2. HUSBAND AND WIFE—PRIVILEGED COMMUNICATIONS—THIRD PARTY PRESENT.

The rule precluding a husband or wife from giving testimony concerning confidential communications to each other during the marriage without the consent of the other spouse is not applicable where the statements were made in the presence of a third party.

3. EVIDENCE—PLEADING—AMENDMENT—ADMISSIBILITY.

A pleading containing an admission against interest is admissible into evidence, even though it has been amended by a subsequent pleading.

4. CRIMINAL LAW—ALIBI NOTICE—ADMISSIBILITY.

Both original notice of alibi and an amended notice of alibi may be admitted into evidence in accordance with the general evidentiary standard that all facts having rational probative value are admissible unless some specific rule forbids admission.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial § 157.
[2] 58 Am Jur, Witnesses § 381 *et seq.*
[3] 41 Am Jur, Pleadings § 197.
  29 Am Jur 2d, Evidence § 687 *et seq.*
[4] 21 Am Jur 2d, Criminal Law §§ 136, 137.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 June 3, 1970, at Detroit. (Docket No. 5,858.) Decided August 27, 1970. Leave to appeal denied February 17, 1971. 384 Mich 807.

William Mike Nickopoulous was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Neil H. Fink,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM. The defendant was convicted by a jury of robbery armed.[1] He appeals from a denial of his motion for a new trial. The motion was based on (1) a recanting affidavit of the principal trial witness, (2) an assertion that the trial judge erred in refusing to permit the witness' wife to testify concerning statements the witness made to her and (3) a claimed error in allowing the people to introduce into evidence a notice of alibi which was superseded by a later notice of alibi.

Tom's Tavern was robbed at gun point by two persons later identified as Lyle Griffiths, Jr., and James Anderson. The people charged that the defendant William Mike Nickopoulous also participated in committing the crime.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

At Nickopoulous' trial Griffiths testified for the people and said that the defendant planned the robbery, supplied the guns, and drove the automobile used in transporting Griffiths and Anderson to and from the scene of the robbery, and that Nickopoulous shared in the loot. Anderson, who had previously pled guilty to unarmed robbery, testified that he and Griffiths robbed the bar together. He did not incriminate Nickopoulous.

Nickopoulous was convicted on May 29, 1968. In January 1969, Griffiths signed an affidavit stating that he had "perjured himself by implicating William Nickopoulous in the crime in which he was not involved in" and that he was induced to testify falsely by a promise that other charges pending against him would be dropped and that he would receive a lenient sentence for the armed robbery. Within a few weeks of signing the affidavit, Griffiths, who was still detained in the Wayne county jail, was killed by cyanide poisoning.

The motion for a new trial was considered by the judge who tried the case.[2] In deciding whether he abused his discretion in denying the motion, we give due regard to his superior opportunity to appraise the credibility of the trial witnesses.[3] To prefer the recanting affidavit, which does not contain any detail —only the statement that for a consideration Griffiths perjured himself when he implicated Nickopoulous—might, since Griffiths is no longer living, free Nickopoulous without ever having subjected the statement in the affidavit to the kind of searching

[2] He said that if Griffiths had not died before the hearing on the motion he would have ordered a testimonial hearing during which the people and the defendant would have had an opportunity to scrutinize the allegations in Griffiths' affidavit. See *People* v. *Mosden* (1969), 381 Mich 506, 513; *People* v. *Andrews* (1960), 360 Mich 572, 576; *People* v. *Lowenstein* (1944), 309 Mich 94, 97.

[3] See *People* v. *Andrews, supra,* p 578; *People* v. *Lowenstein, supra,* p 99. But see *People* v. *Smallwood* (1943), 306 Mich 49, 55.

cross-examination which occurred at the trial. We have no sound basis for deciding which of Griffiths' declarations, his in-court testimony or his affidavit, is the truth or for concluding that the judge abused his discretion in denying a new trial.[4]

At the trial Griffiths was asked on cross-examination whether he had told anyone that he would be out of jail in June if Nickopoulous were convicted. He denied that he had made such a statement. Griffiths' wife was called as a witness by Nickopoulous, who sought to ask her whether Griffiths had told her that he would be out in June. The people objected and a separate record of her testimony was made outside the presence of the jury. The judge ruled that the question concerned a confidential communication between husband and wife and that, while Mrs. Griffiths was competent as a witness, she was prohibited from disclosing any communications between her and her husband unless a third person was present when the communications were made.[5]

After the jury returned to the courtroom Mrs. Griffiths was permitted to testify that her husband

---

[4] See *People v. Bradford* (1968), 10 Mich App 696, 703; *People v. Dailey* (1967), 6 Mich App 99, 102; *People v. Miniear* (1967), 8 Mich App 591, 608; *People v. Andrews, supra.*

[5] Section 2162 of the Revised Judicature Act (MCLA § 600.2162 [Stat Ann 1962 Rev § 27A.2162]) provides that neither spouse may, during or after marriage, without the consent of both, be examined "as to any communication made by one to the other during the marriage."

See *People v. Rosa* (1934), 268 Mich 462, 464; *People v. Green* (1967), 7 Mich App 346, 353, holding that the privilege is inapplicable where the communication is made in the presence of a third person.

A spouse does not waive the privilege by taking the stand and testifying generally. See *People v. Salisbury* (1922), 218 Mich 529. *Cf.* 8 Wigmore, Evidence (3d ed), §§ 2327, 2340, pp 637, 671; 3 Wharton's Criminal Evidence (12th ed), § 833, p 192; 97 CJS, Witnesses, § 310(c), p 861; *Ex Parte Bryant* (1922), 106 Ore 359 (210 P 454); *Coca Cola Bottling Works* v. *J. D. Simpson* (1930), 158 Miss 390 (130 So 479, 72 ALR 143); Anno: Party's waiver of privilege as to communications with counsel by taking stand and testifying, 51 ALR2d 521; ALI Model Code of Evidence, § 218, p 157.

told her in the presence of a police officer that he would be out in June and that on another occasion that officer told her that Griffiths' chances of being released in June "looked real good," but "the judge has the last word." There was also brought to the jury's attention Griffiths' statement in a letter dated May 10, 1968, to his wife's sister that he "may get out next month."

Since Mrs. Griffiths was allowed to testify about the out-in-June communication and it is not claimed that she was prevented from answering any other questions concerning marital communications, there is no need further to consider this claim of error.

The defense was alibi. The alibi witness was Nickopoulous' wife. The robbery occurred at approximately 1 a.m. She testified that on the night the crime was committed she met the defendant, who was then her fiance, at 10:30 p.m. and was with him continuously until 2:45 a.m.

A notice of alibi was filed naming Nickopoulous' wife as a witness and stating that when the offense was committed they were at a party. The day after it was filed an amended notice of alibi was filed which stated that Nickopoulous and his wife were in a restaurant and in a car in the restaurant's parking lot during the time before and after the robbery, which was consistent with her at-trial testimony.

At the trial Nickopoulous' lawyer objected to the admission of the first alibi notice saying that he prepared it without carefully checking with his client the factual statements there made and that his error should not be charged to his client. The judge overruled the objection and both the original and amended notices of alibi were admitted in evidence.

The defendant contends that this was error, relying on GCR 1963, 118.1 which, in pertinent part, provides:

"Unless otherwise indicated therein, an amended pleading shall supersede the former pleading."

We have great doubt whether a notice of alibi is a pleading within the meaning of this rule.

Subject to the judge's general discretion to exclude evidence otherwise admissible because its probative value is overcome by the danger that its introduction will confuse, mislead, or prejudice the jury,[6] we can see no reason why evidence of this kind may not be admitted in accordance with the general evidentiary standard that "all facts having rational probative value are admissible, unless some specific rule forbids [admission]".[7]

We find no pertinent Michigan authority on the question whether a superseded pleading is admissible. The case law from other jurisdictions is divided, but the better view appears to be that a superseded pleading containing an admission against the interest of the pleader is admissible.[8] The jury was fully informed of defendant's explanation of how the first notice came to be filed. We are satisfied that the trial judge did not err in allowing both notices of alibi, the original as well as the amended notice, to be admitted in evidence.

Affirmed.

---

[6] See McCormick, Law of Evidence, § 152, p 319; *People* v. *Turner* (1969), 17 Mich App 123; *State* v. *Thompson* (1961), 228 Ore 496 (364 P2d 783); *Shepard* v. *United States* (1933), 290 US 96, 104 (54 S Ct 22, 78 L Ed 196).

[7] See 1 Wigmore on Evidence (3d ed), § 10.

[8] See 4 Wigmore on Evidence (3d ed), § 1067; Anno: Admissibility in evidence of withdrawn, superseded, amended, or abandoned pleading as containing admissions against interest, 52 ALR2d 516. *Cf. Guarantee Bond & Mortgage Co.* v. *Hilding* (1929), 246 Mich 334, 344, 345.