PEOPLE *v.* BURKS

1. Motions—New Trial—Recanting Affidavits—Discretion.
  Denial of the defendant's motion for a new trial was not an abuse of discretion where the motion was based on the recanting affidavits of two persons who had testified for the prosecution at trial and on five affidavits from persons who stated that they would have testified on the defendant's behalf and where all the affidavits alleged threats had been made against them, because the trial court has a superior opportunity to appraise the credibility of witnesses and the affiants.

2. Homicide — Deceased's Character — Admissibility — Self-Defense.
  The character of the deceased in a homicide prosecution is material when a plea of self-defense is interposed; where no plea of self-defense has been entered there is no proper foundation for admitting evidence as to the deceased's character.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 December 9, 1970, at Detroit. (Docket No. 6241.) Decided January 25, 1971. Leave to appeal granted June 3, 1971, 385 Mich 752.

Henry Clay Burks was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES

[1]  39 Am Jur, New Trial § 169.
[2]  40 Am Jur 2d, Homicide §§ 301–309.

Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (State Appellate Defender), for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

PER CURIAM. The defendant was tried on a charge of second-degree murder MCLA § 750.317 (Stat Ann 1954 Rev § 28.549), and found guilty by a jury of manslaughter MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). On appeal, he seeks a new trial on two grounds, one based on the recanting affidavits of two witnesses for the prosecution and the other on the statements of five other persons that they would have testified on behalf of the defendant. All affiants allege that threats were made against them and because of the threats they either did not testify or perjured themselves at the trial.

Such information as contained in the affidavits is asserted to be in the nature of new evidence. Such evidence, if newly discovered, can form the basis for the granting of a new trial if it meets with the requirements as set out in *People* v. *Keiswetter* (1967), 7 Mich App 334. Such a determination is directed to the sound discretion of the trial court. *People* v. *Nickopoulous* (1970), 26 Mich App 297. The trial court has denied defendant's motion for a new trial. Giving due regard to the superior opportunity of the trial court to appraise the credibility of the trial witnesses and the several affiants, we cannot say that the court abused its discretion in denying defendant's motion.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, defendant attempted to put into evidence the police record of the person whom he was convicted of killing. The law on this point is clear and of long standing: the character of the deceased in a homicide prosecution is material only when a plea of self-defense is interposed. *People* v. *Garbutt* (1868), 17 Mich 9; *People* v. *Stallworth* (1961), 364 Mich 528; *People* v. *Johnson* (1969), 382 Mich 632; *People* v. *Bell* (1969), 14 Mich App 80. No plea of self-defense having been entered by defendant, there was consequently no proper foundation for admitting evidence as to the character of the deceased.

Affirmed.