PEOPLE *v* BURKS

OPINION OF THE COURT

1. CRIMINAL LAW—NEW TRIAL—RECANTING AFFIDAVITS—DISCRETION.
   Trial court's denial of defendant's motion for new trial was not
   an abuse of discretion where the motion was based on the
   recanting affidavits of two witnesses for the prosecution and
   on the statements of five other persons that they would have
   testified on the defendant's behalf, all the affiants alleged
   threats had been made against them and because of the
   threats they either did not testify or perjured themselves at
   the trial, because the trial court had a superior opportunity
   to appraise the credibility of the trial witnesses and the
   several affiants.

2. HOMICIDE—DECEASED'S CHARACTER—EVIDENCE—ADMISSIBILITY—
   RES GESTAE—SELF-DEFENSE.
   The violent, turbulent, and dangerous character of deceased may
   be shown when from the circumstances of the case it is a
   part of the res gestae, or it is relevant to illustrate the cir-
   cumstances attending the homicide ˙or there is evidence of
   threats by deceased against accused, or when the evidence of
   the homicide is wholly circumstantial, or where the immediate
   circumstances of the killing render it doubtful whether the
   act was justifiable or not, or leave the question of the in-
   tention of accused in committing the crime doubtful or the
   proof evenly balanced, or indicate provocation on the part
   of deceased and where there is a claim of self-defense and
   some evidence in support thereof.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 713.
    58 Am Jur 2d, New Trial § 158.
[2] 40 Am Jur 2d, Homicide § 301 *et seq.*
[3] 40 Am Jur 2d, Homicide § 303.
[4] 40 Am Jur 2d, Homicide § 302 *et seq.*

3. Homicide—Deceased's Character—Evidence—Admissibility.
    Trial judge correctly ruled in a second-degree murder case that
    no foundation was laid for introduction of testimony pertain-
    ing to the deceased's character where defendant attempted
    to put the victim's police record into evidence.

OPINION FOR AFFIRMANCE

Black and T. E. Brennan, JJ.

See Headnote 1.

4. Homicide — Deceased's Character — Admissibility — Self-
    Defense.
    The character of the deceased in a homicide prosecution is
    material only when a plea of self-defense is interposed; where
    no plea of self-defense has been entered there is no proper
    foundation for admitting evidence as to the deceased's char-
    acter.

Appeal from Court of Appeals, Division 1, Danhof,
P. J., and Holbrook and Vander Wal, JJ., affirming
Recorder's Court of Detroit, George W. Crockett,
Jr., J. Submitted January 5, 1972. (No. 6 January
Term 1972, Docket No. 53,333.) Decided May 4,
1972.

30 Mich App 102 affirmed.

Henry Clay Burks was convicted of manslaughter.
Defendant appealed to the Court of Appeals. Af-
firmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for
defendant on appeal.

Adams, J. I agree with Justice Black and the
Court of Appeals as to the first question.

I disagree with the rigid statement by the Court of Appeals that "the character of the deceased in a homicide prosecution is material *only* when a plea of self-defense is interposed." (Emphasis added.)

A proper statement of the evidentiary rule appears in 40 CJS, Homicide, § 222, pp 1138, 1140:

"Aside from the situation where there is a claim of self-defense and some evidence in support thereof \* \* \* the violent, turbulent, and dangerous character of deceased may be shown when from the circumstances of the case it is a part of the res gestae, or it is relevant to illustrate the circumstances attending the homicide \* \* \* or there is evidence of threats by deceased against accused, or when the evidence of the homicide is wholly circumstantial, or where the immediate circumstances of the killing render it doubtful whether the act was justifiable or not, or leave the question of the intention of accused in committing the crime doubtful or the proof evenly balanced, or indicate provocation on the part of deceased."

The crucial question in this case was which man had the gun—the defendant or the deceased. It was uncontested that deceased was involved in at least one fight and that he had previously purchased a gun. If the deceased had the gun, the trial testimony would have backed up the defense theory that the deceased shot himself. To show that he would be likely to draw a gun in a fight would not combat the testimony that defendant had the gun.

I agree with the ruling of the trial judge that no foundation was laid for the introduction of testimony pertaining to the deceased's character and consequently vote to affirm.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with ADAMS, J.

BLACK, J. (*for affirmance*). Nothing submitted on review of this case, either in the briefs or by the factually uncertain oral arguments of respective counsel, persuades me that trial judge George W. Crockett, Jr., and in turn the assigned panel of the Court of Appeals (30 Mich App 102), erred in deciding as they did the two questions that were raised below and brought here.

I adopt the cited opinion of Division 1 and vote to affirm.

T. E. BRENNAN, J., concurred with BLACK, J.