STATE of Missouri, Plaintiff-Respondent,

v.

Larry CURBY, Defendant-Appellant.

No. 37793.

Missouri Court of Appeals,
St. Louis District.

June 28, 1977.

Whitfield, Montgomery & Walton, Elbert A. Walton, Jr., St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, William F. Arnet, Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

The defendant was convicted of assault with intent to do great bodily harm without malice and sentenced to a term of five years imprisonment according to the verdict of the jury. On appeal, he raises four points upon which he seeks reversal.

The evidence shows that on the night of December 30, 1974, the defendant, Larry Curby, and three friends, Sylvia Barge, Joe Harrell and Caroline Richardson, were walking south on Euclid Avenue in St. Louis. At approximately 8:30 p. m. Curby's group passed a group of three men walking the other way on the same side of the street. Within seconds after the two groups passed, a violent encounter took place on the other side of the street between Curby and his companions, and Clayton Campbell. Campbell was punched and kicked by Curby's group and sustained a concussion, multiple facial lacerations, and innumerable fractures of facial bones around the cheeks and nose, resulting in hospitalization for a period of time and two major operations.

After the assault, Curby's group walked away from Campbell who lay helplessly on the sidewalk. Thereafter the three men, Frederick Sudekum, III, Michael J. MacLeod, and William J. Mitchell, stopped a passing police van. They gave the police a description of Curby's group, and the police picked up defendant and his three companions a short time later.

At trial, Curby did not deny that he had punched Campbell, but he testified that he had assaulted Campbell in defense of his companion, Caroline. Curby claimed that shortly after passing the three men, Caroline and Sylvia crossed the street. He followed a few paces behind, while Harrell was delayed by a passing car. Just as Caroline and Sylvia reached the opposite sidewalk, Campbell appeared from nowhere and grabbed Caroline by her neck and arm, tearing her clothing. To repel this attack, Curby claimed, he began punching Campbell. When Harrell finally reached the scene, he grabbed Campbell and threw him to the ground. Curby said that Campbell after hitting the ground grabbed Caroline's leg, and she began kicking him to force him to release her. (Curby specifically denied that he had kicked Campbell.)

Campbell stated that after he got off work on December 30 he stopped at a tavern for about three hours and had four or five beers. He said he was not drunk when he left. After leaving the tavern, he walked south on Euclid to catch a bus. He did not see his assailants and could only remember crying for help. He testified that he did not recall seeing anybody, saying anything to anybody, doing anything to anybody, or being attacked by anybody. He could remember only being placed in an ambulance and waking up in the hospital sometime later. The victim's treating doctor testified that the victim's loss of memory was consistent with his head injuries.

The three men who passed Curby's group each testified that they did not see how the altercation between Curby's group and Campbell began. They said their backs were turned, and they turned around only after hearing a cry for help. They saw Campbell being punched, thrown to the ground, and kicked. Defendant did not call any of his friends to testify.

First, defendant charges that the court erred in failing to direct a verdict for him, in that there was no conflict in the evidence as to his justifiable assault defense (defense of another). Defendant argues that when there is no conflict in the evidence disputing the justifiable assault, the court should direct a verdict for the defendant. He points out that none of the eyewitnesses saw either how the assault began or what provoked it, and that the victim was unable to remember anything which would contradict his defense.

■ Once the issue is raised, the burden of proof is on the state to prove the defendant did not act in the lawful defense of another.[1] *State v. Tindall*, 496 S.W.2d 267 (Mo.App.1973). This does not mean, as defendant contends, that, in order to avoid a

---

1. Justifiable assault, which includes self-defense and defense of another, like justifiable homicide, § 559.040(2), RSMo.1969, is a "special negative defense". Notes following MAI-CR 2.40. We therefore treat them the same for purposes of determining the burden of proof. Notes following MAI–CR 2.04, p. 2–9.

directed verdict, the state is required to come forward with additional evidence after the defendant has produced evidence of defense of another. *State v. Willett*, 539 S.W.2d 774 (Mo.App.1976).

■ Rarely will the defense of another be declared as a matter of law and taken from the jury. This would occur as a rule only when the state's undisputed evidence proves the defense. *State v. Rash*, 359 Mo. 215, 221 S.W.2d 124 (1949); *State v. Willett, supra*. That is not the case here. Only when all the evidence clearly and undisputedly points to defense of another is the defendant entitled to a directed verdict. Where the evidence is conflicting or of such a character that different inferences might reasonably be drawn therefrom, it is generally a question of fact for the jury to determine whether the accused acted in defense of another. *State v. Jackson*, 522 S.W.2d 317, 319[1] (Mo.App.1975); *State v. Rash, supra; State v. Willett, supra*.

■ Based on the evidence, we cannot declare as a matter of law that what occurred here was defense of another to the exclusion of the state's theory of the case. The only evidence of defense of another in this case is the defendant's own testimony. He is mistaken in his contention that all of the evidence on this point is undisputed and clear. In this case it was for the jury to believe or disbelieve the defendant's evidence tending to exculpate him. *State v. Ross*, 371 S.W.2d 224, 227[4] (Mo.1963); *State v. Tourville*, 295 S.W.2d 1 (Mo.1956).

The evidence in this case is such that a jury could find defendant's story inconsistent with the undisputed facts presented by the state. The very brief period of time which elapsed from the time Curby's group passed the pedestrians to the time of the commission of the assault on the other side of the street, the severity and magnitude of the force used against the victim, the action of the assailants in walking away from the incident without calling the police or aiding the man they had badly beaten, and the testimony of the victim that he did not recall seeing anyone, all raise questions which the jury could consider in determining the truth or falsity of defendant's testimony.

Defendant, for his second point, contends that the trial court erred in denying his request for a mistrial. During the defendant's opening statement, which was reserved until after the state presented its case, defense counsel said:

"Basically, what we are going to do is outline to you some evidence as to what occurred on that night from the persons who saw it all, the accused. Agreed, three people walked down the street in a northerly direction. Agreed, four people, including two men and two women, walked down the street in a southerly direction. Agreed, they came into contact with a Clayton Campbell. Agreed that they hit him with fists—"

At this point, the prosecutor made the following objection:

"Judge, I'm going to object to this portion of the statement. Defense counsel has filed statements with the court indicating the defense would be alibi."

Argument on the objection occurred outside the hearing of the jury. The prosecutor's basis for the objection was that once a defendant has stated his intention to rely on alibi, he is committed to it and no evidence tending to show another defense is admissible. The court overruled the objection.

Defendant's attorney requested a mistrial because of the prosecutor's reference to the alibi defense. He stated that any comment on the disclosure, through discovery, of his intent to rely on the defense of alibi is only proper to impeach a witness on cross-examination. The court denied his request for a mistrial. There was no request to the court to admonish the jury.

Defendant had disclosed his intention to present an alibi in response to a motion for disclosure filed by the state under Supreme Court Rule 25.34. Defendant's disclosure stated: "5. The defendant intends to rely on the defense of alibi, being present at or near Fountain and Euclid Street in the City of St. Louis and State of Missouri at the time of the alleged offense, witnesses to

which include: (seven witnesses were named)."

The state claims that once the defendant has stated an intent to rely on alibi under Supreme Court Rule 25.34, he is required to stay with that defense and cannot shift to another at trial. This argument was rejected by the United States Supreme Court in *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). In upholding the Florida disclosure rule, which is similar to Supreme Court Rule 25.34, the court stated: "Nothing in such a rule requires the defendant to rely on an alibi or prevents him from abandoning the defense; these matters are left to his unfettered choice." 399 U.S. at 84, 90 S.Ct. at 1897.

The defendant claimed that the state's objection put before the jury information so prejudicial to his case as to require the declaration of a mistrial. The lack of merit in the state's objection does not alone make the objection prejudicial. Nor is it necessary for purposes of our decision to determine whether the objection was made in good or bad faith since that determination is within the sound discretion of the trial court. *State v. Tettamble,* 394 S.W.2d 375 (Mo.1965). We do not consider, however, whether the comment is so prejudicial that it presented grounds for a mistrial regardless of good or bad faith.

This question has not yet been faced by the appellate courts of this state, although the problem has arisen in slightly different form in other jurisdictions. For example, some courts have permitted the state to disclose the defendant's original notice of alibi when the defendant has proceeded with an alibi defense at trial on the basis of a subsequently amended notice of alibi. *Welsher v. State,* 28 Wis.2d 160, 135 N.W.2d 849 (1965); *People v. Nickopoulous,* 26 Mich.App. 297, 182 N.W.2d 83 (1970). When, however, the defendant has filed a notice of alibi but does not put the alibi into issue at trial, the state is prohibited by some courts from commenting on the notice of alibi. *State ex rel Simos v. Burke,* 41 Wis.2d 129, 163 N.W.2d 177 (1968); *State v. Cocco,* 73 Ohio App. 182, 55 N.E.2d 430 (1943).

In this case, the state, perhaps unwittingly, drew the jury's attention to the defendant's notice of alibi before the defendant had presented his case. During the defendant's opening statement, which followed the state's case, it appeared the defendant did not intend to rely on an alibi defense. Under such circumstances, disclosure of the defendant's notice of alibi was clearly erroneous. The ability of the defendant to relate his chosen defense at trial was significantly undermined as a result of this disclosure. The state claims that it was necessary to disclose the notice in order to specify the grounds for its objection. While we agree that specifying one's grounds is required, the state should have recognized the prejudice involved and stated its grounds out of the hearing of the jury. The remarks were so prejudicial that their effect could not have been erased by an admonition by the court, and reversible error was committed in not granting a mistrial.

The defendant's final two points on appeal involve objections to instructions given by the court. He contends that Instructions No. 9 (a converse instruction) and No. 12 (justifiable assault instruction) failed to comply with approved MAI–CR forms 3.08 and 2.40. Instruction No. 9 did not follow any of the MAI–CR instructions as to converse instruction but was similar to the one tendered by the defendant. No. 12 followed MAI–CR 2.40 but defendant claimed that Paragraph 5 and one of the options in Paragraph 4 should have been added to the instruction because of the evidence.

On retrial, the court should submit a converse instruction, if requested by defendant, following one of those approved in MAI–CR. A justifiable assault instruction is part of the law of the case and if the evidence at retrial requires the submission of that issue, the court should submit an instruction based on the evidence following MAI–CR.

Judgment reversed and cause remanded for a new trial.

McMILLIAN, P. J., and STEWART, J., concur.