PEOPLE *v.* LOWENSTEIN.

1. CRIMINAL LAW—SODOMY—DEBAUCHERY OF BOY—EVIDENCE.

In prosecution for sodomy and for debauchery of a boy under the age of 15 years, testimony of boy, an epileptic, and others was sufficient to convince a jury of defendant's guilt under both counts beyond a reasonable doubt (Act No. 328, §§ 158, 340, Pub. Acts 1931).

2. SAME—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

In prosecution for sodomy and for debauchery of a boy under the age of 15 years, credibility of witnesses was for the jury (Act No. 328, §§ 158, 340, Pub. Acts 1931).

3. APPEAL AND ERROR—JUDICIAL NOTICE OF FILES—LEAVE TO APPEAL.

The Supreme Court takes judicial notice of the contents of its files on application for leave to appeal by defendant in a prosecution for crime and his showing in support thereof resulting in the granting of leave to appeal.

4. NEW TRIAL—RECANTING WITNESS—HEARING ON MOTION.

Where new trial is sought in a prosecution on the ground that the complaining witness had recanted, it is proper to have such witness testify at the hearing on the motion for new trial.

5. SAME—DISCRETION OF COURT.

The granting or denying of a motion for a new trial rests in the sound discretion of the court.

6. CRIMINAL LAW—NEW TRIAL—SODOMY—DEBAUCHERY OF BOY—RECANTING WITNESS—DISCRETION OF COURT.

In prosecution for sodomy and for debauchery of a boy under the age of 15 years, where new trial was sought after it was claimed the 14-year-old complaining witness had recanted, denial of new trial was not an abuse of discretion where

it appears such witness and his mother related circumstances under which the alleged repudiation had been procured (Act No. 328, §§ 158, 340, Pub. Acts 1931).

7. SAME—CONCURRENTLY RUNNING SENTENCE ON TWO COUNTS.
   Sentence of defendant on two counts, based on the same act and to run concurrently, was not error, as, in effect, it is but a single sentence.

8. SAME—HABITUAL CRIMINAL ACT—CONCURRENT SENTENCES.
   Conviction under two counts based on the same act and for which two sentences were imposed to run concurrently does not result in the conviction of defendant so as to subject him to additional punishment for two felonies under the habitual criminal act (3 Comp. Laws 1929, § 17338 *et seq.*).

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.)., J. Submitted April 13, 1944. (Docket No. 68, Calendar No. 42,538.) Decided June 5, 1944.

Max Lowenstein was convicted of sodomy and of debauching the morals of a boy. Affirmed.

*Frank G. Schemanske,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Frank J. Wendt* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

BOYLES, J. Defendant appeals from a conviction and sentence on an information charging him in the first count with the crime of sodomy, and in a second count with having debauched the morals of a boy under the age of 15 years. Two errors are relied on for reversal: (1) That the court erred in denying defendant's motion for a new trial based

on a claimed repudiation by George Kusulin, the 14-year-old boy, of his testimony as the principal witness for the people; and (2) that the verdict of the jury finding the defendant guilty on both counts was faulty, erroneous and void.

A detailed recital of the repulsive testimony is not necessary to decision. George Kusulin, the 14-year-old boy who was the subject of the crime, is an epileptic, attending special school since the age of seven. He was working for the defendant at defendant's gasoline filling station, doing odd jobs, changing tires, et cetera. His testimony before the jury, while inconsistent in many details, was sufficient to convince a jury of defendant's guilt beyond a reasonable doubt. It was corroborated to some extent by other witnesses—the clerk and another employee of the hotel where defendant had a room and where the offense is claimed to have been committed. The defendant testified in his own behalf and denied committing the offense. He admitted having been convicted and sentenced in New York for a felony, and having been sentenced to a term of 3½ to 4 years in Michigan for larceny. At the time of the present trial he was serving a 90-day sentence in the county jail for another offense. Several witnesses for the defendant testified regarding certain inconsistencies in the people's testimony. Credibility of witnesses was for the jury. The testimony is important only as it bears on the denial of defendant's motion for a new trial.

After conviction and before sentence the defendant moved for a new trial. The ground then urged which is now before us for consideration was that the 14-year-old boy had testified falsely and that he had subsequently repudiated his testimony. Neither the court's opinion nor order denying the motion for new trial is in the printed record, although the

motion obviously was denied as the court later imposed sentence and mittimus was issued. However, we take judicial notice of the files of this court on defendant's application for leave to appeal and his showing in support thereof, on which showing leave to appeal was granted. The proceedings on the motion, omitted from the printed record, are in the files of this court.

Affidavits in support of the motion for new trial were filed, showing that George Kusulin, the 14-year-old boy, had signed an unsworn written statement before witnesses that he had testified falsely. His counsel stated he would ask the court to direct police officers to produce this boy before the court. In defendant's statement of facts filed in this court with his application for leave to appeal, signed by defendant's present counsel and certified to this court by the trial judge, it appears that the 14-year-old boy was called and did testify before the court on the hearing on defendant's motion for new trial. Such procedure was approved by this court in *People v. Keller,* 227 Mich. 520, where a motion for new trial was granted in this court after the complaining witness had recanted her former testimony. There the court said:

"We think it unfortunate that the court did not require Leah to be produced as a witness on the hearing of this motion. The unreliability of affidavits as evidence has long been recognized. Had Leah been brought before the court and examined, the judge would have been enabled to form an opinion of the weight which should be given to her conflicting sworn statements, which we would be loath to disturb."

From defendant's statement of facts, certified by the trial judge, we quote what occurred in court on defendant's motion for a new trial:

"At the hearing on the motion for new trial, George Kusulin testified that after defendant's convictions, his brother, Dave, a taxi driver, picked up George Kusulin on the street at 10 p.m. on Saturday, February 20th, threatened him for having framed his brother, saying he could kill him and then promised him that he would pay the family rent and that nobody in the family would have to work if George would go to defendant's attorney and tell him that the charge against defendant and a similar charge against one Rubin, were false and had been framed by the Canfield police. Dave did not permit the boy to go home, but kept him with him until the following Tuesday morning, during which time Dave wrote up an alleged confession, showing that the story was a frame-up and had the boy sign it in the presence of some taxi drivers and a passenger. During the same time, the boy was taken to the office of defendant's attorney to tell his story, but made no written statement. When he returned home on Tuesday, February 23d, his mother had already called the juvenile officers, reporting his absence. Since he was on probation, the officers took him back to juvenile court where he told them what had happened and repeated that his original story was true. Defendant filed a motion for a new trial after conviction, alleging the testimony of George Kusulin was false and attaching a copy of the alleged confession. At the hearing of the motion, George was sworn as a witness, and admitted that he had made these statements to defendant's attorney, but stated that they were not true and that he had only told this and answered the questions because Dave had told him to. He related that Dave kept him with him in the cab all night during the two nights he was away from home, and that when he was not in the cab, he was kept in Dave's home on Blaine avenue, sleeping on the floor. George's mother was also sworn, and testified as to his absence and that she had informed the juvenile authorities. Defense counsel asked time

to file additional affidavits in support of the motion. The motion for a new trial was denied after an adjournment.''

The granting or denying of a motion for a new trial rests in the sound discretion of the court. We find no abuse of discretion of the trial court in denying defendant's motion. *People* v. *Van Den Dreissche,* 233 Mich. 38; *People* v. *Sanford,* 252 Mich. 240.

The first count in the information charged defendant with having committed the abominable and detestable crime against nature with George Kusulin (sodomy). The punishment for this crime is imprisonment in the State prison for not more than 15 years. Act No. 328, § 158, Pub. Acts 1931 (Michigan penal code) (Comp. Laws Supp. 1940, § 17115–158, Stat. Ann. § 28.355). The second count charged defendant with having debauched and depraved the morals of George Kusulin, a boy under 15 years of age, by enticing and soliciting him to commit the abominable and detestable crime against nature. The punishment for this crime is imprisonment in the State prison not more than five years. Act No. 328, § 340, Pub. Acts 1931 (Michigan penal code) (Comp. Laws Supp. 1940, § 17115–340, Stat. Ann. § 28.572). The jury returned a verdict of guilty of both offenses. The court sentenced defendant to State prison for 10 to 15 years on the first count, and to State prison for 4 to 5 years on the second count, both sentences to begin on the same date and run concurrently. In effect, this was a sentence of 10 to 15 years on the first count. The two counts did not charge inconsistent offenses. Both arose out of the same transaction, both were provable by the same testimony, only one time, place and subject being involved. Defendant relies on *In re Henry Franklin,* 77 Mich. 615; *People* v. *Allen,* 252 Mich. 553; and *People* v. *Powers,* 272 Mich. 303,

wherein this court set aside general verdicts of guilty on different counts, one charging larceny and the other receiving stolen property. Inasmuch as one cannot be convicted of being a thief and at the same time for receiving the same stolen goods, the two different statutes were held to set up separate and distinct offenses. Such is not the case now before us.

"Where there are two counts charging different grades of the same offense, under a conviction or plea of guilty, it has been the general practice in England and in this country to pass judgment according to the count charging the highest grade of the offense." *People* v. *Morris,* 80 Mich. 634, 636 (8 L. R. A. 685).

"It would seem that, even assuming there is some merit to defendant's contentions, he was not injured by the alleged error in joinder, inasmuch as a verdict of guilty was returned on all three counts and identical sentences imposed for each count, to run concurrently." *People* v. *Kolowich,* 262 Mich. 137, 148.

"With regard to the claimed error in sentencing defendant on two counts, based upon the same act, we find no error. Although she was sentenced on each count, the sentences were for the same period of imprisonment and were to run concurrently. It is held that when a defendant is convicted on several indictments tried at the same time and is sentenced on each to run concurrently, the judgment will not be reversed because the evidence was insufficient to support one indictment, since the sentence is, in fact, but a single sentence and is supported by the conviction on the other indictments." *People* v. *Podsiad,* 295 Mich. 541

Nor does the fact that defendant was convicted and sentenced on both counts result in conviction for

two felonies such as to subject the defendant to additional punishment under the habitual criminal act.* *People* v. *Podsiad, supra,* p. 546. The defendant was not harmed by the sentence under the second count, to run concurrently with the sentence 10 to 15 years under the first count.

Affirmed

North, C. J., and Starr, Wiest, Butzel, Bushnell, Sharpe, and Reid, JJ., concurred.