PEOPLE v DUHAMEL

1. CRIMINAL LAW—APPEAL AND ERROR—SENTENCING—PRESENTENCE REPORT—FELONY—STATUTES.

It was error for a trial court in a felony case to consider a probation department presentence report which was not in writing; the preparation of a written presentence report is mandated by statute where a defendant has been convicted of a felony (MCLA 771.14; MSA 28.1144).

2. CRIMINAL LAW—FELONY—STATUTES.

A crime which is punishable by a maximum of two years in the state penitentiary can properly be classified as a felony (MCLA 750.7; MSA 28.197).

Appeal from Leelanau, Charles M. Forster, J. Submitted June 16, 1976, at Lansing. (Docket No. 27109.) Decided October 20, 1976.

Arthur Duhamel was convicted, on his plea of nolo contendere, of resisting and obstructing a conservation officer. Defendant appeals. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James R. Williams,* Prosecuting Attorney, and *Neal P. Lederle,* Assistant Prosecuting Attorney, for the people.

*L. Kent Walton,* for defendant.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 564.
[2] 21 Am Jur 2d, Criminal Law § 1.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. At his arraignment, defendant, Arthur Duhamel, pled nolo contendere to resisting and obstructing a conservation officer. The trial court, after accepting defendant's plea, ordered the probation department to conduct a presentence investigation of the defendant and to report its findings to the court. Following this investigation, an oral report was made to the court by a probation officer. The defendant was thereupon sentenced to 60 days imprisonment.

On appeal, defendant contends that the trial court erred by not requiring the probation department to submit a *written* presentence report to the court.

MCLA 771.14; MSA 28.1144 provides in part:

"Before sentencing any person charged with a felony, and, *if directed by the court, in any other case where any person is charged with a misdemeanor* within the jurisdiction of the court, the probation officer shall inquire into the antecedents, character and circumstances of such person or persons, and *shall report thereon in writing to such court or magistrate."* (Emphasis supplied.)

Thus, where, as here, the court requested a presentence report, it was error for the court to rule that it need not be in writing. Furthermore, the crime with which the defendant was charged is punishable by a maximum of two years in the state penitentiary. As such, it can properly be classified as a felony. See MCLA 750.7; MSA 28.197, *People v Causley,* 299 Mich 340; 300 NW 111 (1941). In that case, the statute would mandate the preparation of a written presentence report. See *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974).

We therefore remand this case for preparation of a written presentence report and for resentencing. The report so prepared shall be made available for defendant's and his attorney's inspection in accordance with GCR 1963, 785.12.

The remaining assignment of error advanced by the defendant is without merit.

Remanded for proceedings not inconsistent with this opinion.