PEOPLE v ROSS

Docket No. 77-1623. Submitted May 2, 1978, at Lansing.—Decided June 19, 1978.

Jack R. Ross was convicted of receiving and concealing stolen property over the value of $100, and was thereafter convicted as a third-time habitual criminal in the Saginaw Circuit Court, Hazen R. Armstrong, J. Defendant appeals. *Held:*

The Legislature did not intend to make a separate substantive crime out of being a habitual criminal when it enacted the statutory provisions for second and subsequent offenders, but rather, for deterrent purposes, intended to augment the punishment for second or subsequent felonies. Since the habitual offender act does not create a separate substantive offense, the court rule providing 20 peremptory challenges in criminal cases where the "offense" is punishable by life imprisonment does not apply to such proceedings and the defendant is entitled to 5 peremptory challenges in accordance with the statute regarding procedures to be used where a defendant is charged as a habitual criminal. Therefore, the trial court properly rejected the defendant's request for 20 peremptory challenges. The trial court did err where it allowed the jury to consider two prior felonies charged in one information, which arose out of the same transaction, were provable by the same testimony, and involved the same place and subject, as two felonies to be considered under the habitual offenders act. The error was not harmless, therefore, the defendant's conviction as a third offender is reversed for entry of a judgment of conviction as a second offender and for resentencing, unless the prosecutor

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 18.
[2, 5] 5 Am Jur 2d, Appeal and Error §§ 797, 798, 810, 815.
  29 Am Jur 2d, Evidence § 328.
  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26, 27, 31, 32.
[3, 4] 20 Am Jur 2d, Courts § 84.
[5] 5 Am Jur 2d, Appeal and Error § 792.

notifies the trial court of a desire for a new trial charging defendant as a third offender.

Affirmed in part and reversed in part.

N. J. KAUFMAN, J., concurred separately with the results reached by the majority, but he believes that the court rule supersedes the statute and thus that the defendant should have been allowed 20 peremptory challenges, since the intent of the court rule is that it should apply whenever a defendant is subject to a life sentence. The defendant should have been tried as a third offender, instead of a fourth offender, and the majority has further reduced it to a second offender conviction; therefore, the error in allowing only 5 peremptory challenges was harmless.

### OPINION OF THE COURT

1. CRIMINAL LAW—SUBSTANTIVE CRIME—LEGISLATURE—HABITUAL CRIMINAL—OFFENSES—PEREMPTORY CHALLENGES—LIFE IMPRISONMENT—STATUTES—COURT RULES.

The Legislature did not intend to make a separate substantive crime out of being a habitual criminal, but rather, in enacting the statutory provisions regarding second and subsequent offenders, intended to augment the punishment for second or subsequent felonies; therefore, since the habitual offender act does not create an "offense" the court rule providing 20 peremptory challenges in criminal cases where the offense is punishable by life imprisonment does not apply and the defendant is entitled to 5 peremptory challenges in accordance with the statute regarding the procedures to be employed when charging a defendant as a habitual criminal (MCL 769.13; MSA 28.1085, GCR 1963, 511.5).

2. APPEAL AND ERROR—CRIMINAL LAW—PRIOR FELONIES—HABITUAL OFFENDERS—INFORMATIONS—SAME TRANSACTIONS—SAME TESTIMONY—SAME PLACE—SAME SUBJECT.

A trial court erred in convicting a criminal defendant as a third offender where it allowed the jury to consider two prior felonies upon which the defendant had been convicted as counting as two felonies under the habitual offenders act in a situation where the two felonies were charged in one information, arose out of the same transaction, were provable by the same testimony, and involved the same place and subject.

### CONCURRENCE IN RESULT BY N. J. KAUFMAN, J.

3. STATUTES—COURT RULES—CONFLICT.

*A court rule supersedes a statute where the court rule and the statute are in conflict.*

4. TRIAL—CRIMINAL LAW—COURT RULES—HABITUAL OFFENDERS—PE-
REMPTORY CHALLENGES—LIFE SENTENCES—STATUTES.

*The court rule allowing 20 peremptory challenges in criminal
cases where the offense is punishable by life imprisonment
applies whenever a defendant can receive a life sentence and is
applicable in proceedings under the habitual offender statute
where such a sentence is possible; the court rule supersedes the
statute providing 5 peremptory challenges in a habitual of-
fender action where the defendant could be sentenced to life
imprisonment. (MCL 769.13; MSA 28.1085, GCR 1963, 511.5).*

5. APPEAL AND ERROR—HARMLESS ERROR—PEREMPTORY CHALLENGES
—HABITUAL OFFENDERS—STATUTES—COURT RULES.

A trial court committed error when it applied a statute providing
5 peremptory challenges to a defendant being charged as a
fourth time habitual offender where the court should have
applied a court rule providing 20 peremptory challenges, but
the error is harmless where the Court of Appeals is reversing
the defendant's conviction as a third offender and is remanding
for entry of a judgment of conviction as a second offender (MCL
769.13; MSA 28.1085, GCR 1963, 511.5).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Peter C. Jensen,*
Assistant Prosecuting Attorney, for the people.

*Frank R. Vargas,* for defendant.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK
and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. On December 9, 1976, Jack
Ross was convicted by a jury of receiving and
concealing stolen property over the value of $100,
contrary to MCL 750.535; MSA 28.803. On May 18,
1977, defendant was convicted by a jury as a third-
time habitual offender, contrary to MCL 769.11;
MSA 28.1083. On June 16, 1977, defendant was
sentenced to 6 to 10 years in prison. Defendant
appeals as of right.

The facts in the instant case are as follows:

During the evening of February 13, 1976, the back door of the Bedtelyon residence was pried open and several pieces of antique jewelry were taken. The owner of the jewelry identified people's exhibits 2, 3, 4 and 5 as the missing pieces of jewelry. An antique dealer identified people's exhibits 2 through 5 as items Jack Ross offered to sell her. She testified that she was aware of the Bedtelyon breaking and entering which caused her to be wary of the items defendant offered for sale. She called the police and they subsequently arrested the defendant.

The defendant testified that he purchased exhibits 2 through 5 at a flea market and had no knowledge that the items were stolen.

Of the issues raised by defendant, only two warrant discussion.

In a fourth habitual offender trial, how many peremptory challenges is a defendant entitled to?

GCR 1963, 511.5 provides in part as follows:

"Each party in a criminal case shall be entitled to 5 peremptory challenges, unless the offense charged is punishable by death or life imprisonment, in which case the defendant shall be entitled to 20 peremptory challenges and the prosecutor shall be entitled to 15 peremptory challenges."

MCL 769.13; MSA 28.1085 sets out the procedures which shall be used when a supplemental information is filed charging a defendant as a habitual offender. The statute provides in part as follows:

"The usual practice in the trial of criminal cases shall be followed in the empanelling of such jury and the trial of said issue and the prosecuting officer and

the accused *shall each be allowed 5 peremptory challenges.*" (Emphasis added.)

The defendant asserts that a person charged as a fourth offender may receive a life sentence and, therefore, GCR 1963, 511.5 is applicable. Also, defendant maintains that GCR 1963, 511.5 conflicts with MCL 769.12; MSA 28.1084, and where a court rule and statute conflict, the court rule controls. The prosecution asserts that the statute and court rule are not inconsistent, because the habitual offenders act does not create a substantive crime.

In *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), *cert den* 356 US 976; 78 S Ct 1141; 2 L Ed 2d 1149 (1958), the Court stated as follows:

"Despite that case, *[People v Brown,* 253 Mich 537; 235 NW 245; 82 ALR 341 (1931)]* however, we further note that substantive crimes are created and defined in our penal code whereas the statutory provisions for second and subsequent offenders are found in our code of criminal procedure. This is some indication, we think, that the legislature did not intend to make a separate substantive crime out of being a habitual criminal but rather, for deterrent purposes, intended to augment the punishment for second or subsequent felonies."

See also, *People v Ungurean,* 51 Mich App 262, 265; 214 NW2d 873 (1974).

GCR 1963, 511.5 specifically refers to criminal cases where the *offense* is punishable by life imprisonment. Since the habitual offender act does not create an *offense,* the statute and the court rule are not inconsistent.

A person charged as a fourth offender is not entitled to 20 peremptory challenges. The trial

court properly rejected the defendant's request in this case.

The next issue is whether two prior felonies charged in one information upon which defendant had been convicted can be counted as two felonies under the habitual offenders act.

When the supplemental information was filed charging defendant as a fourth-time felon, two of the prior convictions, breaking and entering of an occupied dwelling and possession of burglary tools, arose out of the same transaction. After testimony was presented of the prior felonies, the jury convicted defendant as a third-time felon. Defendant asserts that it was error for the prosecutor to use two convictions that arose out of the same transaction in a habitual offender supplemental information.

In *People v Lowenstein,* 309 Mich 94, 100–101; 14 NW2d 794 (1944), the Michigan Supreme Court stated:

"Nor does the fact that defendant was convicted and sentenced on both counts result in conviction for two felonies such as to subject the defendant to additional punishment under the habitual criminal act. *People v Podsiad* [295 Mich 541, 546; 295 NW 257 (1940)]."

See also, 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 761, p 975.

In the instant case, the two counts did not charge inconsistent offenses. Both arose out of the same transaction, both were provable by the same testimony, only one time and place and subject being involved. It was error to allow the jury to count separately the 1969 breaking and entering and possession of burglary tools convictions as two prior felonies.

Under the facts of this case, we cannot say that

the error was harmless. The defendant was charged as a fourth offender. The jury convicted defendant as a third offender. The prosecutor asserts that even if we consider the 1969 breaking and entering and possession of burglary tools convictions as one conviction for habitual offender purposes, the defendant still previously had committed two other felonies and, therefore, his conviction as a third offender was harmless. This would be true if the jury convicted defendant using the two other felonies and one of the 1969 convictions. However, the jury may have used the two 1969 convictions and one of the two other felonies. Under these facts the error cannot be said to be harmless.

Under the facts of the instant case, a conviction of defendant as a second offender would be proper. MCL 769.10; MSA 28.1082. This Court reverses the conviction of defendant as a third offender and remands the case for entry of a judgment of conviction of defendant as a second offender and resentencing on that charge. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial of defendant as a third offender. *People v Lank Thomas,* 399 Mich 826; 249 NW2d 867 (1976).

Affirmed in part and reversed in part.

J. H. Gillis, P. J., concurred.

N. J. Kaufman, J. *(concurring in result).* I write separately to concur with the results reached in the well-written opinion of my esteemed colleague, Judge Holbrook. However, I do not agree with his conclusion that defendant was entitled to only five

peremptory challenges. MCL 769.13; MSA 28.1085 grants five. GCR 1963, 511.5 allows twenty. Rules supersede statutes. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971).

While I agree that a proceeding under an habitual offender statute, in this case MCL 769.11; MSA 28.1083, does not constitute a crime, and was adopted by the Legislature to increase the penalty for previous crimes, *People v Shotwell,* 352 Mich 42; 88 NW2d 313 (1958), *cert den* 356 US 976; 78 S Ct 1141; 2 L Ed 2d 1149 (1958), nevertheless, the intent of the court rule is clear to me. It should apply whenever the defendant can receive a life sentence. If the court rule does not apply, why give defendant other rights that surround a criminal prosecution, such as a jury trial composed of twelve rather than six jurors? Note GCR 1963, 511.2.

However, due to the result reached and as defendant should have been tried as a third offender instead of a fourth, and we further reduced it to a second, I find the error to be harmless.