PEOPLE v JONES

Docket No. 108072. Submitted April 20, 1988, at Lansing. Decided
      June 23, 1988.

   Rufus Jones pled guilty in the Muskegon Circuit Court to deliv-
      ery or manufacture of a controlled substance and to being an
      habitual offender, third offense. In accepting the plea, the trial
      court, R. Max Daniels, J., relied on two prior convictions for
      delivery of a controlled substance. These convictions were
      entered on October 7, 1980, and were based on separate trans-
      actions, one of which occurred on December 4, 1979, and the
      other on December 5, 1979. Defendant appealed and the Court
      of Appeals affirmed. *People v Rufus Jones,* unpublished opinion
      per curiam of the Court of Appeals, decided September 19, 1986
      (Docket No. 90072). Defendant sought leave to appeal to the
      Supreme Court which, in lieu of granting leave to appeal,
      vacated the judgment of the Court of Appeals and remanded to
      the Court of Appeals for reconsideration in light of *People v
      Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987). 430 Mich 868
      (1988).

      The Court of Appeals, on remand, *held:*

      The facts of the instant case are distinguishable from those
   in *Stoudemire.* The habitual offender statute was properly
   applied to defendant since defendant's two October 7, 1980,
   convictions did not arise out of a single transaction and defen-
   dant had an opportunity to reform after the December 4, 1979,
   transaction and before the December 5, 1979, transaction.

      Affirmed.

Criminal Law — Habitual Offenders — Multiple Convictions.
   Multiple convictions entered on the same day and based on

References
Am Jur 2d, Criminal Law §§ 551 *et seq.*
Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6 *et
   seq.*
Chronological or procedural sequence of former convictions as
   affecting enhancement of penalty for subsequent offense under
   habitual criminal statutes. 24 ALR2d 1247.
What constitutes former "conviction" within statute enhancing
   penalty for second or subsequent offense. 5 ALR2d 1080.

separate transactions which occurred on different days and which formed the basis for separate complaints may count as multiple prior convictions for purposes of the habitual offender statutes.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*), for defendant on appeal.

Before: GILLIS, P.J., and WAHLS and SULLIVAN, JJ.

PER CURIAM. This case comes before us on remand from the Supreme Court "for reconsideration in light of *People v Stoudemire,* 429 Mich 262 [414 NW2d 693] (1987)." 430 Mich 868 (1988). In that case, it was held that "multiple convictions arising out of a single incident may count as only a single prior conviction for purposes of the [habitual offender] statute [MCL 769.10—769.14; MSA 28.1082—28.1085(1)]." *Stoudemire, supra,* p 278.

The defendant in *Stoudemire* was originally charged with assaulting a prison guard, MCL 750.197c; MSA 28.394(3), and, in a supplemental information, with habitual offender, fourth offense, MCL 769.12, MSA 28.1084.[1] The three prior convic-

---

[1] MCL 769.12; MSA 28.1084 provides, in pertinent part:

(1) If a person has been convicted of 3 or more felonies, attempts to commit felonies, or both, whether the convictions occurred in this state or would have been for felonies in this state if the convictions obtained outside this state had been obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more,

tions set forth in the supplemental information arose out of a single transaction, and a single trial and sentencing. After the trial court denied the defendant's motion to dismiss the supplemental information, rejecting the defendant's argument that the three prior convictions which arose out of a single transaction should count as only one "conviction" for purposes of the habitual offender statute, the defendant pled guilty to the principal charge in exchange for dismissal of the habitual offender charge. On appeal, this Court affirmed the defendant's plea-based conviction, agreeing with the trial court that the defendant was properly charged under the habitual offender statute as a fourth offender. *People v Stoudemire,* 140 Mich App 687; 365 NW2d 214 (1985). In reversing the holding of this Court, Justice LEVIN, with Chief Justice RILEY and Justices BRICKLEY, CAVANAGH, BOYLE, and GRIFFIN concurring, found that—although the habitual offender statute, on its face, provides for escalating penalties for persons previously having been "convicted" of felonies—the Legislature did not intend in all instances for the penalties of the habitual offender statute to be imposed upon persons who previously had been convicted of felonies. Specifically, the Supreme Court stated that the Legislature did not intend for the penalties of the habitual offender statute to

or for life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person upon conviction of the fourth or subsequent offense to imprisonment in a state prison for the term of life or for a lesser term.

(b) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term which is less then 5 years, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for a term of 15 years or a lesser term.

(c) If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended.

be imposed unless the defendant had been given separate opportunities to reform after each of his previous crimes. Using the provision regarding habitual offender, fourth offense, MCL 769.12; MSA 28.1084, as an example, i.e., using the provision regarding the punishment for a criminal who has been previously convicted of three or more felonies, the Supreme Court stated:

> In this case, the legislative history of the statute indicates that the Legislature, by using the phrase "after having been three times convicted," intended that the fourth-offender penalties reach only incorrigible criminals who had failed three separate times to reform—who had been convicted three separate times where the last two convictions were for crimes committed after the prior conviction. The Legislature used the phrase "after having been three times convicted" as shorthand. [429 Mich 266.]

In discerning this legislative intent that references in the habitual offender statute to prior convictions were actually references not merely to prior convictions but to prior opportunities to reform, the majority opinion in *Stoudemire* relied heavily upon statements concerning legislative intent made by Senator Caleb Baumes, who was the author of the habitual offender provisions passed into law in New York in 1926 and which were adopted in toto by the Michigan Legislature and passed into law in this state in 1927. 1927 PA 175. The majority opinion of the Supreme Court also relied heavily, among other things, upon *People v Spellman,* 136 Misc 25; 242 NYS 68 (1930), in which it was held, the Supreme Court stated, that "multiple convictions on the same day constitute only one 'conviction' for purposes of the habitual offender statute." 429 Mich 269. The *Spellman*

decision, however, does not indicate whether the multiple convictions incurred by the defendant in that case on the same day arose from one, or from separate, underlying criminal transactions, or, if they arose from separate transactions, whether those transactions occurred on separate days.

Justice ARCHER dissented in *Stoudemire,* writing that the habitual offender statute is clear and unambiguous on its face and that, in view of the purpose of the statute, it causes neither absurdity nor injustice for an individual who has been convicted of three prior felonies which arose out of the same criminal transaction to be sentenced as a fourth-time felony offender. Justice ARCHER noted that "[d]efendant's argument that the purpose of the habitual offender statute is to provide that where a defendant had been convicted of a prior felony he should be given an opportunity for reformation, and that the convictions must be on charges separately brought and tried, would be better addressed by the Legislature." 429 Mich 285.

In the instant case, defendant, born on December 25, 1932, pled guilty on September 19, 1983, to delivery or manufacture of a controlled substance, MCL 333.7401(1); MSA 14.15(7401)(1), and habitual offender, third offense, MCL 769.11; MSA 28.1083,[2]

---

[2] MCL 769.11; MSA 28.1083 provides, in pertinent part:

(1) If a person has been convicted of 2 or more felonies, attempts to commit felonies, or both, whether the convictions occurred in this state or would have been for felonies in this state if the convictions obtained outside this state had been obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for a maximum term which is not more than twice the longest term

in exchange for which a count of conspiracy to deliver a controlled substance, MCL 333.7401(1); MSA 14.15 (7401)(1); MCL 750.157a; MSA 28.354(1), was dismissed, the charge of habitual offender, fourth offense,[3] was reduced to habitual offender, third offense, and certain other criminal cases in Muskegon County pending against defendant were dismissed. In accepting defendant's plea of guilty to habitual offender, third offense, the trial court relied on two prior convictions for delivery of a controlled substance. These convictions were entered on October 7, 1980, and were based on separate transactions, one of which occurred on December 4, 1979, and the other on December 5, 1979. At defendant's January 31, 1984, sentencing hearing, the court, before imposing a term of imprisonment of seven to fourteen years,[4] noted that defendant's criminal record reflected "11 previous felonies [and] six misdemeanors."

We find the facts in the present case to be

---

prescribed by law for a first conviction of that offense or for a lesser term.

(b) If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for life or for a lesser term.

(c) If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended.

[3] In the supplemental information charging defendant with habitual offender, fourth offense, it was alleged that defendant had been convicted in Muskegon County of breaking and entering a building with intent to commit larceny, on December 9, 1976, and twice of delivery of a controlled substance, on October 7, 1980.

[4] The court, before imposing its sentence, asked defendant whether "you pled guilty to a charge of delivery and manufacture of a controlled substance, nonnarcotic, which carries a maximum of seven years in prison, and to a Supplemental Information charging you with a third felony, which raises the penalty to 14 years as the maximum," and defendant responded, "Right."

distinguishable from those in *Stoudemire*. In that case, the three prior convictions relied upon to elevate the defendant's current conviction to the status of fourth conviction for purposes of the habitual offender statute arose out of a single transaction. The majority opinion in *Stoudemire* specifically limited its holding, which was based on an interpretation of the habitual offender statute, to cases in which multiple convictions arose out of a single incident. The Court declared: "We . . . hold, consistent with the legislative purpose underlying the habitual offender statute, that multiple convictions arising out of a single incident may count as only a single prior conviction for purposes of the statute." 429 Mich 278. In the case at bar, defendant's two October 7, 1980, convictions for delivery of a controlled substance did not arise out of a single transaction but, rather, as acknowledged in defendant's brief on appeal, arose out of two separate transactions which occurred on two different days and which formed the bases for two separate complaints.

The majority opinion in *Stoudemire* makes it very clear that the escalating penalties provided in the habitual offender statute were intended by the Legislature to be applied to the professional criminal and the hard-core recidivist who, after having had opportunities to reform, nevertheless continued in his criminal activities.[5] It also makes it very

---

[5] We are aware, as was the *Stoudemire* Court, of the rule accepted in a majority of jurisdictions which states that "it is a prerequisite that the prior conviction or convictions precede the commission of the principal offense in order to enhance the punishment under habitual criminal statutes." Anno: *Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes,* 24 ALR2d 1247, 1249; 22-24 ALR2d (Later Case Service), 544-545; *People v Podsiad,* 295 Mich 541; 295 NW 257 (1940); *People v Lowenstein,* 309 Mich 94; 14 NW2d 794 (1944). Since defendant in the instant case was already convicted of his prior felonies at the time he committed the crime

clear that an individual who commits several crimes during a single transaction and is sentenced for those crimes, but also subsequently commits another crime, should not be charged as an habitual offender based on each of the prior convictions which arose out of the single transaction since that individual did not have an opportunity to reform after each of those convictions. In the case at bar, defendant's two October 7, 1980, convictions did not arise from a single transaction. Rather, one criminal transaction occurred on December 4, 1979, and another unrelated transaction occurred on December 5, 1979. Clearly, since the two transactions were unrelated and since they occurred at different times, defendant had an opportunity to reform prior to having committed the December 5, 1979, crime. Rejecting the opportunity to reform after the first transaction but before the second, defendant opted to commit another crime. Thereafter, defendant committed a third crime, that being the delivery of a controlled substance, to which he pled guilty on September 19, 1983. Such behavior, we believe, reveals that defendant is well situated for application of the habitual offender provisions.[6] It is not, in our estimation, absolutely necessary that, in order to

which formed the basis of his plea of guilty to habitual offender, third offense, the majority rule reiterated above is fulfilled. See *Stoudemire, supra,* pp 282-283.

[6] The trial court was, without doubt, of the opinion that the then almost fifty-one-year-old defendant was nonreformable and posed a continuing threat to society. In imposing sentence, the court stated:

> Mr. Jones, I reviewed your record and you have a horrible record. You have 11 previous felonies, six misdemeanors. The offense that you are charged with, delivery of a controlled substance, is a type of offense this court looks upon with much displeasure. And in reviewing your previous record and the circumstances of this case, I don't see where you are going to change, and so I don't have any means to make you change. All I have is the ability to take you out of circulation for a while.

be afforded an *opportunity* to reform, a defendant must first complete a previously imposed sentence. For example, in this case, where defendant committed a crime on December 4, 1979, but was not apprehended until after he had committed another crime the following day, it seems obvious to us that during the period of time between the two separate criminal transactions defendant had an opportunity to reform. He does not now, and never has, argued that between the separate criminal transactions he was impeded in any way from resolving to conform his behavior to the requirements of the law by way of eschewing crime. The time between the December 4 and December 5 crimes afforded defendant an opportunity to quit or to continue in his unlawful conduct. Unfortunately, he continued in it. Indeed, he continued in it even after serving time in prison for his December, 1979, crimes, as evidenced by his September 19, 1983, plea of guilty to delivery or manufacture of a controlled substance.

Thus, having enjoyed, but having rejected, the appropriate opportunities to reform, defendant was properly convicted of habitual offender, third offense. Accordingly, we discern no error meriting reversal in this case when examined in light of the majority opinion of the Supreme Court in *Stoudemire, supra.*

Affirmed.