PEOPLE v REED

Docket No. 94888. Submitted November 12, 1987, at Lansing. Decided August 11, 1988. Leave to appeal applied for.

Robert Reed was convicted following a jury trial in the Oakland Circuit Court of assault with intent to rob while armed and possession of a firearm during the commission of a felony. He thereafter pled guilty to being an habitual offender, fourth offense, and was sentenced by the trial court, Norman L. Lippitt, J. Defendant appealed alleging that he was improperly charged as a fourth-offense habitual offender because all of his previous convictions were obtained on the same day and that the trial court improperly permitted defendant to be impeached with evidence of his four prior criminal sexual conduct convictions.

The Court of Appeals *held:*

1. Defendant was not improperly charged as a fourth-offense habitual offender. Separate convictions, arising out of separate transactions occurring at different times and places, may properly result in sentence enhancement under the habitual offender statute even though, as in this case, the convictions were obtained on the same day.

2. The trial court committed harmless error in admitting evidence of defendant's four prior first-degree criminal sexual conduct convictions.

Affirmed.

1. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCE ENHANCEMENT.

Separate convictions, arising out of separate transactions occur-

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6 *et seq.*, 26.

Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.

Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

ring at different times and places, may properly result in sentence enhancement under the habitual offender statute even though the convictions were obtained on the same day.

2. CRIMINAL LAW — APPEAL — EVIDENCE — IMPEACHMENT — HARM-LESS ERROR.

Error in the admission of impeachment evidence may be determined to be harmless where, notwithstanding the error, the prosecutor's case was so strong that a reasonable juror could not have voted to acquit the defendant even if the evidence had been suppressed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Mary McCarthy Quarles,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for defendant on appeal.

Before: GRIBBS, P.J., and WEAVER and C. H. MORCOM,* JJ.

PER CURIAM. Defendant appeals as of by right from his conviction by a jury of assault with intent to rob while armed, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2).

Defendant raises two issues on appeal. The first of these deals with his guilty plea, entered at the time of sentencing in 1986, to a supplemental charge of habitual offender, fourth offense, pursuant to the habitual offender statute, MCL 769.12; MSA 28.1084.

Defendant's appeal arises out of the following incident. On the afternoon of February 3, 1986, defendant approached Billie Mercier, an employee of a Northville real estate office, in her office

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parking lot and told her to drop her purse. Ms. Mercier did not respond and defendant pulled out a gun, pointed it at her and repeated his command. Then he slipped on the ice and Ms. Mercier ran into her office, still holding her purse, and told other employees that a man outside had a gun. They called the police. Ms. Mercier observed defendant leave the premises in an older-model green Chrysler. All of the people in the office with Ms. Mercier who saw defendant testified that he left the parking lot alone in his car.

A Northville police officer arrested defendant about one mile from the real estate office. At the time of arrest, defendant and his sister were in the car; the gun was found pursuant to a permissible search of the sister's purse.

At trial, defendant testified that he, his sister and her boyfriend were returning from the Twelve Oaks Mall when they turned into the office parking lot. Defendant denied the entire incident with Ms. Mercier. The prosecutor impeached defendant's testimony with evidence of his prior criminal sexual conduct convictions. These convictions form the basis for both issues now before this Court.

First, defendant argues that he was improperly charged as a fourth-time felony offender because all of his previous convictions were obtained on the same day.

On July 21, 1976, defendant pled guilty in the Recorder's Court for the City of Detroit to numerous counts of armed robbery and criminal sexual conduct, and one count of unarmed robbery. Although defendant pled guilty to numerous charges at one time, the underlying events occurred at different times and places and were therefore separate incidents or transactions. Specifically, the record shows that on July 21, 1976, defendant pled

guilty to one count each of unarmed robbery and first-degree criminal sexual conduct arising out of an incident on March 11, 1976; one count of armed robbery and two counts of first-degree criminal sexual conduct arising out of events on March 12, 1976; two counts of first-degree criminal sexual conduct and one count of armed robbery arising out of different events, including a different victim, on March 12, 1976; and finally one count of armed robbery occurring in an incident on March 15, 1976.

Defendant contends that because there was no time gap between defendant's prior convictions, that is, because he pled guilty to all the 1976 charges on the same day, he had no opportunity to reform, and, thus, to convict defendant as a fourth-time felony offender denies him the benefit of the legislative purpose of the habitual offender statute.

Defendant's position simply misstates the law. Separate convictions, arising out of separate transactions occurring at different times and places, may properly result in sentence enhancement under the habitual offender statute even though the convictions were obtained on the same day. *People v Chaplin,* 102 Mich App 748; 302 NW2d 569 (1980), rev'd on other grounds 412 Mich 219; 313 NW2d 899 (1981). This result is directly opposite that relied upon by the defendants in *People v Cavanaugh,* 127 Mich App 632; 339 NW2d 509 (1983), and *People v Ross,* 84 Mich App 218; 269 NW2d 532 (1978).

In *Ross,* defendant was charged with two felonies, committed in one transaction and contained in one information, which the prosecutor unsuccessfully sought to count as two separate felonies for purposes of triggering the habitual offender statute. The *Ross* Court held that defendant could only be charged as a second-time felony offender

because the events in question arose from the same transaction and the proofs relied on the same testimony, and concerned the same time, place and subject. Similarly, the *Cavanaugh* Court held that defendant could not be charged as a third-time felony offender if his two previous convictions involved one time, place and subject and required the same evidence to convict.

Most recently, in *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987), our Supreme Court held that when prior multiple convictions arise out of a single incident or transaction, these convictions may count only as a single conviction for purposes of the habitual offender statute. *Id.,* p 278. This means that, consistent with *Ross* and *Cavanaugh,* previous convictions arising from the same incident cannot be strung together for purposes of the habitual offender statute where the incident involved the same subject and victim, occurred at the same time and place, and the proofs required the same evidence.

Such is not the case here. While entered on the same day, defendant's convictions followed a crime spree over one week's time in March, 1976, where he raped, sexually assaulted and robbed, sometimes at gunpoint, at least four different women at four different places and at four different times. Contrary to defense counsel's assertion, these convictions did not all arise from the same transaction, and it is simply untrue to state otherwise. It is also futile for defendant to assert that he somehow did not have time to reform so as to make application of the habitual offender statute inappropriate in the instant case. Defendant received a ten- to fifteen-year sentence for his participation in the March, 1976, crimes. Certainly, he had considerable time in which to reform, if he had been so

inclined, before he committed these later crimes in Oakland County.

Finally, defendant appears to be exactly the type of repeat criminal the Legislature intended to be included within the scope of the habitual offender statute. If defendant is not an habitual offender within the application and intent of the statute, it is difficult to imagine who is.

Defendant next argues that the trial judge improperly permitted defendant to be impeached with evidence of four prior criminal sexual assault convictions and that the judge further engaged in error requiring reversal because he failed to state on the record his reasons for admitting this impeachment evidence.

Prior to trial, defense counsel moved to suppress evidence of defendant's prior convictions, arguing that these convictions were too similar to defendant's current charge and that the defense "would be hamstrung significantly" if defendant were barred from testifying by an adverse ruling. The trial court suppressed evidence of defendant's armed and unarmed robbery convictions, apparently because these were for the same or substantially the same conduct as the offense charged, but admitted evidence of the criminal sexual conduct convictions.

Our Supreme Court recently revised MRE 609 in *People v Allen,* 429 Mich 558, 614; 420 NW2d 499 (1988). After analyzing this case in light of the *Allen* clarified balancing test, *id.,* pp 606, 609-610, we conclude that admission of evidence of four prior first-degree criminal sexual conduct convictions was error. Although of recent vintage, these convictions were of low probative value. *Id.,* p 611. Defendant's testimony was of great importance to the decisional process because it was the only evidence directly contradicting the testimony of

the prosecution witnesses. The prejudice to defendant in admitting evidence of the convictions was not outweighed by the probativeness of that evidence.

Notwithstanding the error, the prosecutor's case was so strong that we do not believe a reasonable juror could have voted to acquit defendant even had the impeachment evidence been suppressed. We therefore find the error harmless. *People v Stubl,* 149 Mich App 42, 46-47; 385 NW2d 719 (1986), lv den 425 Mich 864 (1986).

Affirmed.