PEOPLE v BETTISTEA (AFTER REMAND)

Docket No. 87225. Submitted April 19, 1989, at Lansing. Decided November 20, 1989.

Joseph A. Bettistea was convicted following a jury trial in the Kent Circuit Court of two felonies arising from two separate criminal incidents. The jury, on supplemental informations, thereafter found defendant to be a fourth-felony offender in both of the consolidated cases and the trial court, Stuart Hoffius, J., sentenced him to imprisonment. Defendant appealed and the Court of Appeals affirmed the convictions for the two felonies arising from the two separate incidents but remanded for a hearing regarding whether defendant's habitual offender convictions should be reversed because the underlying felony convictions were allegedly invalid. The Court of Appeals retained jurisdiction limited to a review of the rulings of the trial court on that issue. 173 Mich App 107 (1988). On remand, the trial court found defendant's three prior convictions to be valid.

The Court of Appeals, on resubmission after remand, *held:*

1. The trial court properly found that defendant's three prior convictions were not defective for use for habitual offender purposes.

2. There is no prerequisite that there be a sentence imposed for a previous conviction before such conviction can be used as the basis for an habitual offender charge.

3. It was not error to treat as two separate convictions for purposes of the habitual offender charges the two convictions which were entered on the same date when defendant pled guilty to larceny in a building and to absconding while on bond for the larceny charge.

Affirmed.

1. CRIMINAL LAW — SENTENCING.

A sentence is not an element of a conviction but rather a declaration of its consequences.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 4, 7, 14.

Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

2. CRIMINAL LAW — HABITUAL OFFENDERS.

   There is no prerequisite that there be a sentence on a previous conviction before such conviction may be used as the basis for an habitual offender charge.

3. CRIMINAL LAW — HABITUAL OFFENDERS — MULTIPLE CONVICTIONS.

   It is not error to treat as two separate convictions for the purposes of the habitual offender statute two convictions entered on the same day where the defendant committed a felony and while free on bond awaiting trial on that felony absconded and where the defendant was thereafter arrested and pleaded guilty to both the original and absconding charges on the same day.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*David A. Dodge* and *John A. Vos,* for defendant.

AFTER REMAND

Before: WAHLS, P.J., and MAHER and T. K. BOYLE,* JJ.

T. K. BOYLE, J. Defendant was convicted and sentenced for two separate criminal incidents and on two habitual offender counts. His convictions were affirmed, 173 Mich App 106; 434 NW2d 138 (1988), but the cases were remanded to permit the trial court to hold a hearing on two issues related to the validity of the habitual offender convictions.

At the hearing, defendant attacked the validity of three prior plea-based convictions. He also argued that, under *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987), two of the convictions, having been entered on the same date, should only

_____

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

count as one conviction for purposes of the habitual offender statute.

Defendant now raises those same issues, this Court having retained jurisdiction of the issues for resubmission after remand.

## I

### VALIDITY OF UNDERLYING CONVICTIONS

#### FACTS

Defendant was charged with breaking and entering an occupied dwelling on November 7, 1972. During pretrial proceedings, defendant was free on bond. He failed to appear for trial on January 10, 1973. As a result, he was charged with the felony of absconding while on bond. He was subsequently arrested and pleaded guilty to larceny in a building on the original charge (circuit court No. 72-16304-FY) and absconding (circuit court No. 72-16689-FY), both guilty pleas having been entered on January 10, 1973, before two different trial judges in Kent County.

Defendant was later charged with breaking and entering a building and attempted breaking and entering an occupied dwelling for his part in events that transpired on November 2, 1976. He pleaded guilty to attempted larceny in a building on May 16, 1977 (circuit court No. 76-20630-FY).

#### THE LEGAL CLAIMS

Defendant claims that each of his guilty pleas was defective.

In regard to case No. 16304, defendant claims that he was not advised of his right to testify, of the standard of proof of guilt beyond a reasonable doubt, of his right of cross-examination of wit-

nesses, and of the need that the plea be voluntary, that is, a matter of his own choice.

Clearly, all requirements set forth in the *Boykin-Jaworski* [*Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972)] litany as redefined in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), were met in this case. Defendant was specifically advised of the standard of proof and of his right of cross-examination. While he was not advised *in haec verbis* of his right to testify, he was told that the matter was within his choice and that he could not be compelled to testify or take the witness stand and that neither the judge nor jury could draw an unfavorable inference if he elected not to take the stand.

It is clear from the record as a whole that the *Boykin-Jaworski* requirements were satisfied and that clearly this was a guilty plea made knowingly and voluntarily.

In regard to case No. 16689, defendant claims that the factual basis was inadequate. Defendant informed the trial judge that in order to escape a conviction in case No. 16304, he left Grand Rapids in December of 1972 and fled to Canada. He stated that he knew he was guilty on the charge in case No. 16304 and would be found guilty and that he fled to avoid trial in the matter. The factual basis for acceptance of his plea could not have been clearer. The claim of inadequacy is spurious.

In case No. 20630, defendant claims that there was no factual basis to support the plea. More specifically, defendant claims that the record does not disclose whether defendant was inside the building in question, whether anything was in fact stolen, and whether he possessed a specific intent to permanently deprive the owner of something of value.

The record discloses that three individual defendants pleaded guilty in the same proceeding, two, including Mr. Bettistea, on the morning of trial on the matter. All three were charged with breaking and entering a store and attempting to break and enter an occupied dwelling. They were allowed to plead guilty to attempting to break and enter a building with a sentence agreement of six months in the Kent County Jail with credit for time served, dismissal of all other counts, and a commitment not to file an habitual offender information during that case.

To answer defendant's specific claim of the absence of a factual basis to support the plea, the record reveals that the amended information containing the charge was read to defendant and that he specifically admitted that at the time, place, and date charged he had tried to steal cigarettes and packaged meat from the food store in question. On these facts, there is simply no support for defendant's claim that the factual basis was inadequate.

Defendant raises one new challenge to the validity of the conviction in case No. 20630. It appears from the record, and we accept as a fact, that defendant was sentenced without the preparation and receipt of a written presentence report. Such a claim would be outcome—determinative on a direct appeal, *People v Duhamel,* 72 Mich App 77; 248 NW2d 670 (1976). However, in this case, defendant urges us to hold, in this collateral attack, that, because he was improperly sentenced, the conviction is void or voidable and thus unusable to enhance his sentence as an habitual offender. He cites as authority the dicta in *Stoudemire* that a sentence upon each preceding felony is required before it is usable as a predicate charge for an habitual offender conviction. *Stoudemire, supra,* p

271. He then would read into the dicta an additional requirement that the sentence be lawful.

The short answer is that *People v Funk,* 321 Mich 617; 33 NW2d 95 (1948), is dispositive. A sentence is not an element of a conviction but rather a declaration of its consequences. *Id.,* p 621. There is no prerequisite that there be a sentence on a previous conviction in order to properly use such conviction as the basis for an habitual offender charge under the statute. *Id.*

The collateral attack on the validity of the underlying conviction fails after a full review of the records of those proceedings. Defendant's three prior convictions are valid.

## II

### THE *STOUDEMIRE* ISSUE

Defendant argues that, even if all of his prior convictions are valid, he can, at most, be found guilty as a three-time felon because under *Stoudemire, supra,* two of his prior convictions (those in case Nos. 16304 and 16689) were entered on the same day.

In *Stoudemire,* the defendant was charged with having assaulted a prison guard and with habitual offender status (fourth), having been convicted of three prior felonies. *Stoudemire, supra,* p 264. The defendant had been convicted at a single trial and sentenced at a single previous proceeding for unarmed robbery, criminal sexual conduct, and breaking and entering, all of which resulted from one criminal transaction. The defendant had moved to quash and dismiss the supplemental information, arguing that because all of the aforementioned convictions arose out of one transaction, they should count as only one previous con-

viction. The trial court denied the motion, and the defendant pleaded guilty to the principal charge upon agreement with the prosecutor to dismiss the habitual offender information. *Stoudemire, supra,* pp 264-265.

Thereafter, the defendant appealed his plea-based conviction; this Court affirmed. However, the Supreme Court reversed, holding that multiple convictions which arise out of a single criminal transaction count as a single prior conviction for purposes of the habitual offender statute. *Stoudemire, supra,* pp 264-265, 278.

The rationale underlying *Stoudemire* is broader, however, than its holding. The rationale is that the habitual offender statute is meant to be applied to persons who, after conviction, have had an opportunity to reform. *Stoudemire, supra,* pp 271-272.

Moreover, the dicta in *Stoudemire* is even broader than its rationale:

> The Legislature intended that the habitual offender statute's fourth-felony provision . . . should apply only to a person who had had three opportunities to reform—who had been *convicted and sentenced* and then subsequently committed another felony for which he was also *convicted and sentenced,* and then subsequent to the second conviction committed yet another felony, for which he was again *convicted and sentenced.* [*Stoudemire, supra,* p 271.]

Suppose a person commits a felony, is convicted and, while on bond awaiting sentencing, absconds. He is subsequently arrested for another felony which he committed, and he is charged with that felony and as a second offender. Is the supplemental information subject to quashing merely because the defendant has not been sentenced for the first

conviction? The answer is yes if *Stoudemire's* dicta be followed. The answer is no if controlling precedent be followed. *Funk, supra.*

The question is not academic. Defendant cites the quoted language from *Stoudemire* and argues that it controls the decision here. It does not. It is clearly dicta, well beyond the rationale of the decision, which itself is well beyond the holding.

The holding in *Stoudemire* has produced a split in the decisions of this Court. Compare *People v Reed,* 172 Mich App 182; 431 NW2d 431 (1988), lv pending, and *People v Jones,* 171 Mich App 720; 431 NW2d 204 (1988), with *People v Ellis,* 174 Mich App 139; 436 NW2d 383 (1988).

Before passing to a discussion of those cases, a curious feature of *Stoudemire* should be noted. At no place in the Court's opinion is the issue addressed whether the defendant's agreement was the result of an illusory bargain. In general, a plea of guilty in this state waives all defects in the proceedings except jurisdictional defects.[1] The trial court's resolution of the habitual offender issue, later affirmed by this Court and reversed by the Supreme Court, did not infect the principal charge with a defect. The defendant pleaded guilty to the principal charge, and the supplemental information was dismissed. The plea should have been held to have waived any error in the trial court's ruling on the *Stoudemire* issue. See, in general, *Brady v United States,* 397 US 742, 757; 90 S Ct 1463; 25 L Ed 2d 747 (1970) (plea of guilty to avoid possible death penalty under statute subsequently found to be unconstitutional nevertheless valid: "a

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). For exceptions to the general rule, see *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), reh den 396 Mich 992 (1976), cert den sub nom *Michigan v Johnson,* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976) (double jeopardy), and *People v White,* 411 Mich 366; 308 NW2d 128 (1981) (entrapment).

voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise"); *Parker v North Carolina,* 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970); *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970) (guilty plea not subject to collateral attack on grounds that it was triggered by a coerced confession which, prior to *Jackson v Denno,* 378 US 368; 84 S Ct 1774; 12 L Ed 2d 908 [1964], would have been submitted to a jury for a determination of voluntariness).

Perhaps the Supreme Court did not address the issue because it was not raised or argued by the parties. This Court deliberately did not address the issue expressly because it was not germane in light of its holding.

The split in this Court concerns applying the rationale of *Stoudemire.* In *Reed, supra,* pp 184-185, all prior convictions were entered on the same date for four crimes which occurred within four days.

In *Jones, supra,* p 727, the prior convictions were entered on the same date for crimes committed within twenty-four hours of one another.

In both cases, the crimes were separate criminal transactions. In both cases, this Court limited *Stoudemire* to its holding. While noting the rationale of *Stoudemire,* each panel stated that there was an opportunity to reform between the commission of each separate crime, a statement giving rather short shrift to that rationale. *Reed, supra,* p 186; *Jones, supra.*

In *Ellis, supra,* the opinion does not note the time lapse between the two separate crimes but,

because the convictions were entered on the same date, the Court applied *Stoudemire* to preclude their being counted as two prior convictions.

The opinion in *Jones* is important for another reason. The conviction was originally affirmed and, on application for leave, the case was remanded by the Supreme Court for reconsideration in light of *Stoudemire.* In its second opinion, the panel limited *Stoudemire* to its holding. *Jones, supra,* p 727.

The instant case presents much stronger facts for affirming the judgment of the trial court. Here, defendant committed a crime and, while free on bond, he absconded to Canada. Subsequently, he was arrested and pleaded guilty in the first case and to absconding in the second case, admitting that he was guilty, that he knew he would be found guilty, and that he fled to Canada to avoid being found guilty.

The arrest on the first charge and the initiation of formal proceedings clearly gave notice to defendant. The intentional flight to avoid prosecution on the facts of this case satisfies not only the holding but the rationale of *Stoudemire.* Much more so than in *Reed* or *Jones,* the flight in the face of a formal charge clearly shows that defendant was rejecting the opportunity to reform.

Defendant's claim that his two convictions for habitual offender fourth offense constitute error either because any of the underlying convictions are invalid or because treating as two convictions those entered on the same date violates the *Stoudemire* principle is rejected, and the convictions are affirmed.

Affirmed.

MAHER, J., concurred in the result only.