PEOPLE v ELLIS

Docket No. 93479. Submitted April 12, 1988, at Grand Rapids. Decided June 29, 1988.

Glenn Leroy Ellis, originally charged with kidnapping and first-degree criminal sexual conduct for the abduction and sexual assault of his estranged wife, was convicted of felonious assault at the conclusion of a jury trial in the Barry Circuit Court, Hudson E. Deming, J. Defendant was subsequently convicted of being an habitual offender, fourth offense, and he appealed, raising several issues.

The Court of Appeals *held:*

1. Statements made by the complainant to several persons shortly after she had escaped from confinement in defendant's house, as those statements were related at trial by the persons to whom they were made, were properly admitted into evidence under the excited utterance exception to the hearsay rule.

2. Defendant, by not raising the issue at trial, has waived for appellate review the claim that a witness' testimony had impermissibly bolstered the credibility of the complainant.

3. A prior plea-based conviction used as a basis for defendant's habitual offender conviction was not, as defendant claimed, obtained without a valid waiver of counsel.

4. The examination of the complainant at trial did not violate defendant's spousal privilege inasmuch as defendant's prosecution fit within the exception for causes of action growing out of a personal wrong or injury done by one spouse to the other. The fact that the complainant may have been a reluctant witness is not significant since she could properly be compelled to testify.

5. The trial court did not err in denying defendant's motion for a directed verdict of acquittal on the kidnapping and criminal sexual conduct charges since a rational trier of fact

REFERENCES

Am Jur 2d, Appeal and Error §§ 849, 867; Evidence §§ 708 *et seq.*; Habitual Criminals and Subsequent Offenders § 10; Trial §§ 876 *et seq.*; Witnesses §§ 148 *et seq.*

Crimes against spouse within exception permitting testimony by one spouse against other in criminal prosecution. 11 ALR2d 646.

could have found that the essential elements of those offenses were proven beyond a reasonable doubt.

6. The trial court did not err in instructing the jury on felonious assault. The language of the document charging defendant with kidnapping and first-degree criminal sexual conduct gave adequate notice to defendant that he could be convicted of the lesser offense of felonious assault for using a weapon in assaulting the complainant.

7. Two prior convictions of defendant which were used for his conviction as a fourth-felony offender, although relating to separate transactions, were obtained in a single proceeding and should have been counted only as one conviction for purposes of the habitual offender statute since the Legislature intended to provide increasing punishment under the habitual offender statute only after a defendant has had an opportunity to reform.

Conviction as fourth-felony offender reversed; remanded for entry of conviction as third-felony offender and for a resentencing.

1. Evidence — Hearsay — Excited Utterance.

A statement is admissible into evidence under the excited utterance exception to the hearsay rule only where (1) there was a startling occasion, startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting, (2) the statement was made before there has been time to contrive and misrepresent, and (3) the statement related to the circumstances of the occurrence preceding it (MRE 803[2]).

2. Evidence — Spousal Privilege — Injuries by One Spouse to the Other.

The examination of one spouse as a witness against the other without the permission of the nonwitness-spouse is not precluded by the spousal privilege and the witness-spouse's testimony may be compelled where the cause of action grows out of a personal wrong or injury done by one spouse to the other (MCL 600.2162; MSA 27A.2162).

3. Criminal Law — Directed Verdict — Acquittal.

The Court of Appeals, when reviewing a claim that a motion for a directed verdict of acquittal should have been granted, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

4. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
   SES.

   A trial judge may instruct the jury on a lesser included offense
   where the defendant was afforded notice of the lesser offense by
   the language of the charging document.

5. CRIMINAL LAW — HABITUAL OFFENDERS — MULTIPLE CONVICTIONS.

   Multiple convictions of a person which arise out of a single
   transaction or are obtained in a single proceeding may count
   only as a single prior conviction for purposes of the habitual
   offender statute.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Judy A. H. Hughes,*
Prosecuting Attorney, and *J. Ronald Kaplansky,*
Assistant Attorney General, for the people.

*Patricia S. Slomski,* and State Appellate De-
fender (by *Ronald J. Bretz*), for defendant on ap-
peal.

Before: SHEPHERD, P.J., and SAWYER and K.
MACDONALD,* JJ.

PER CURIAM. Defendant was charged with kid-
napping and first-degree criminal sexual conduct.
Following a jury trial defendant was convicted of
felonious assault, MCL 750.82; MSA 28.277. Defen-
dant was also found guilty of being a fourth-felony
offender, MCL 769.12; MSA 28.1084. Defendant
was sentenced to ten to fifteen years in prison.

Charges were brought against defendant based
on defendant's actions on December 3 and Decem-
ber 4, 1985. The complainant, defendant's ex-wife,
testified that on December 3, 1985, defendant came
to her house and engaged in an argument with a
visitor. Defendant and complainant were living
apart and complainant had filed a divorce action.
The police were called and defendant left. Later

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that evening, the complainant went to defendant's house, at his request, to discuss their marital difficulties. The complainant testified that at one point during the discussion defendant began to choke her and later would not allow her to have her car keys. Finally, she left. Unfortunately, complainant's car broke down. Defendant drove complainant home and indicated that he would pick her up in the morning to drive her to work.

On the way to work the following morning, defendant grabbed complainant by the neck, held a screwdriver to her chest and said "you're going to die." Complainant was then instructed to drive to defendant's home. Once there, she was ordered to take off her clothes. Defendant then provided complainant with a bathrobe. An hour and one-half discussion ensued. Although complainant indicated she wanted to go home defendant instructed her to lie down in his bedroom. Complainant was then forced to engage in fellatio.

Complainant testified that defendant did not threaten her once they were in the bedroom, however she did indicate that she thought defendant would attempt to kill her if she tried to leave. Defendant fell asleep and complainant made her escape. She rushed to the house next door and asked to use the telephone. She looked up the number of Dennis Robydek, defendant's parole officer, in the phone book. The owners of the home, Robert and Elizabeth Hill, and Robydek, all testified that complainant seemed extremely shaken and upset. Over defendant's objection, Robydek testified that complainant told him that she had been through "an ordeal" with defendant. Over defendant's objection the Hills testified to the effect that complainant told them that her husband had tried to kill her and raped her and had put a screwdriver in her chest.

Following complainant's direct examination, a separate record was made outside the presence of the jury. Complainant indicated that she did not want to testify against her husband. She indicated she felt uncomfortable in such a position. She further testified that her son was currently under court supervision and she feared that she would lose custody of her son if she did not testify. She further indicated that she had received a threatening letter from her husband, which indicated that he would attempt to have her prosecuted regarding an incident involving some checks. She further testified to being afraid of how her husband would react to her testimony. Nonetheless, complainant was further required to testify.

The jury was instructed as to kidnapping and the lesser cognate offense of felonious assault. In addition, the jury was instructed as to first-degree and third-degree criminal sexual conduct. Defendant objected to the felonious assault instruction. The trial court denied a request to instruct the jury on assault and battery.

On appeal, defendant first argues that the trial court erred in allowing the testimony related to complainant's statements made to defendant's neighbors and Dennis Robydek. The statements were allowed under the excited utterance exception to the hearsay rule. See MRE 803(2). To qualify as an excited utterance, a statement must arise out of an occasion startling enough to produce nervous excitement and to render the statement spontaneous and unreflecting. It must be made before there is time to contrive or misrepresent, and it must relate to the circumstances of the startling occasion. See *People v Gee,* 406 Mich 279, 282; 278 NW2d 304 (1979).

In this case, the complainant had escaped from her ex-husband only moments before the state-

ments were made. She had been assaulted by her ex-husband shortly before her escape. Both the Hills' and Robydek's testimony was that complainant was badly shaken and nervous. We can find no error in the admission of the testimony.

Defendant next argues that Robydek's testimony impermissibly bolstered the credibility of the complainant when he stated that she told him she had been through an ordeal. Defendant made an objection based on hearsay at trial. Since the objection now argued on appeal was not made at trial it is not preserved for appellate review. *In re Davis,* 166 Mich App 735, 738; 420 NW2d 872 (1988).

Defendant next argues that the fourth-felony offender conviction should be reversed because a 1960 guilty plea conviction was obtained without a valid waiver of counsel. A transcript of the 1960 proceeding is in the record. Defendant clearly and unambiguously waived counsel. He was advised that counsel would be provided; he maintained his desire to waive counsel. We find no error.

At trial, defendant objected to having his ex-wife testify, claiming spousal privilege. The statute provides: "A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent, except . . . where the cause of action grows out of a personal wrong or injury done by one to the other . . . ." MCL 600.2162; MSA 27A.2162. The exception here applies. Defendant further argues that defendant's wife should not have been compelled to testify. After defendant's wife's direct testimony at trial, a record was made which indicated that she did not want to testify. In *People v Love,* 425 Mich 691; 391 NW2d 738 (1986), four members of the Supreme Court subscribed to the proposition stated in Justice BOYLE's dissenting opinion that, where an excep-

tion to the prohibition in MCL 600.2162; MSA 27A.2162 applies, the defendant's wife could be required to testify. See *Love* at 714-717 (BOYLE, J., dissenting). Therefore complainant was required to testify.

Defendant next argues that it was error for the trial court to deny his motion for directed verdict on the criminal sexual conduct and kidnapping counts. In reviewing this claim, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). The Michigan Supreme Court has stated that, when the jury is permitted to consider a charge that is not warranted by the proofs, there is always prejudice to defendant because the likelihood of his or her acquittal on any valid charge is substantially decreased by the possibility of a compromise verdict. See *People v Vail,* 393 Mich 460; 227 NW2d 535 (1975). Defendant argues that he was the subject of such a compromise verdict resulting from the instruction on criminal sexual conduct and kidnapping.

The first-degree criminal sexual conduct charge was based on sexual penetration under one of the following circumstances: (1) the actor was armed with a weapon; (2) the actor caused personal injury to the victim and force or coercion was used; or (3) sexual penetration occurred under circumstances involving the commission of any other felony. MCL 750.520(b); MSA 28.788(2). The evidence at trial indicated that complainant was a victim of forced oral sex. The evidence supported the conclusion that defendant was armed with a screwdriver. There was also evidence to support the conclusion

that the sexual penetration occurred under circumstances involving the commission of another felony, kidnapping.

A rational trier of fact could also have found that the essential elements of kidnapping were proven. Those elements include: (1) the victim must have been forcibly or secretly confined or imprisoned; (2) confinement or imprisonment must have been against the will of the victim; and (3) the victim must have been moved from one place to another for the purpose of abduction and not for the purpose of some crime other than one involving murder, extortion or taking a hostage. See *People v Robbins,* 131 Mich App 429; 346 NW2d 333 (1984). There was sufficient evidence to find beyond a reasonable doubt that complainant was forcibly confined, that her confinement was against her will and that she was moved to defendant's home for purposes of abduction. The denial of the directed verdict motion was proper.

Defendant next argues that it was error to instruct the jury on felonious assault. Defendant argues that he was not given fair notice to defend against a charge of felonious assault. Notice to defendant may be adequate with regard to a lesser cognate offense if the language of the charging document gives defendant notice that he could face a lesser offense charge. See *People v Quinn,* 136 Mich 145; 356 NW2d 10 (1984). See also *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), overruled on other grounds in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982). The theory of the prosecutor throughout the trial was that this transaction was accomplished at the point of a screwdriver. Defendant was clearly on notice that he was being charged for assaultive behavior accomplished with a weapon. We can find no error in the trial court's instruction.

Finally, defendant argues that his fourth-felony offender conviction should be reversed on the basis of *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987). In *Stoudemire,* the Supreme Court held that multiple convictions of a person which arise out of a single transaction may count only as a single prior conviction for purposes of the habitual offender statute. In his brief on appeal, defendant concedes that his prior convictions from 1973 apparently arose from separate transactions. However, the convictions were both obtained on September 24, 1973. The prosecutor argues that, since the convictions arose from separate transactions, the *Stoudemire* rule does not apply. The plain language of the applicable statute supports such an argument. Nonetheless, our Supreme Court has concluded that the habitual offender statutes are designed to provide increasing punishment only after a defendant has had an opportunity to reform. *Stoudemire* at 271. Given the opinion's strong reliance on the "opportunity to reform" rationale, we must conclude that the instant case is controlled by *Stoudemire.* It is generally true that courts do not look to the legislative purpose when the language of a statute is plain on its face. *Stoudemire* departed from this rule regarding the habitual offender statute and used a legislative intent analysis while at the same time acknowledging that the statute's plain language was clear and contrary to the Legislature's purpose as found by the Court.

Defendant's fourth-felony offender conviction is reversed. We remand for entry of a conviction for third-felony offender and resentencing. We do not retain jurisdiction.