PEOPLE v HOLGUIN

PEOPLE v ESPINOZA

Docket Nos. 98033; 98237. Submitted November 2, 1988, at Lansing. Decided March 8, 1989. Leave to appeal denied, 433 Mich —.

Alfonso Holguin and Ernest G. Espinoza were each convicted of assault with intent to do great bodily harm less than murder and armed robbery following a jury trial in Ingham Circuit Court, James R. Giddings, J. Holguin was found to be a seventh-felony habitual offender. Holguin was sentenced to two prison terms of forty to sixty years on his convictions, while Espinoza received a prison term of twenty to forty years on the armed robbery conviction and a term of five to ten years on the assault conviction. Each defendant appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. For the purpose of the habitual offender statute, Holguin's four 1976 convictions should have been treated as a single conviction and the two 1981 convictions should have been treated as a single conviction because, while in each instance the convictions arose out of separate transactions, in each instance the acts giving rise to the other convictions occurred prior to the date of those convictions. Accordingly, Holguin should have been sentenced as a third-felony habitual offender.

2. The other issues raised by the defendants do not warrant reversal or discussion.

Affirmed in part, reversed in part and remanded.

CRIMINAL LAW — HABITUAL OFFENDERS — MULTIPLE CONVICTIONS.

Multiple convictions of a person which arise out of separate transactions but for which the act giving rise to the subsequent conviction was committed prior to the conviction for the other offense may count only as a single conviction for purposes of the habitual offender statute.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 14.

Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan Meinberg Thomas*), for Alfonso Holguin.

*Marian F. Komkowski,* for Ernest G. Espinoza.

Before: SAWYER, P.J., and BEASLEY and A. L. GILBERT,* JJ.

PER CURIAM. In this consolidated appeal, each defendant was convicted, following a jury trial, of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and armed robbery, MCL 750.529; MSA 28.797. Additionally, defendant Holguin was convicted as a seventh-felony offender. MCL 769.12; MSA 28.1084. Defendant Holguin was sentenced to two terms of forty to sixty years in prison on his convictions, while defendant Espinoza received a sentence of twenty to forty years in prison on the armed robbery conviction and five to ten years in prison on the assault conviction. They both now appeal and we affirm in part and reverse in part.

Defendant Holguin raises one meritorious issue. Specifically, he challenges the validity of his habitual offender conviction. On October 12, 1976, defendant Holguin was convicted of four separate offenses, being one count of carrying a concealed weapon and three counts of attempted possession with intent to deliver heroin, with each of the four offenses arising from separate transactions on separate days. Additionally, the two remaining prior

---

* Circuit judge, sitting on the Court of Appeals by assignment.

convictions listed on the supplemental information, for breaking and entering a motor vehicle and larceny in a building, occurred within one week of each other in March, 1981. Defendant argues that he should be treated only as a third-felony offender rather than a seventh-felony offender on the basis of the Supreme Court's decision in *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987). We agree.

This Court in *People v Ellis,* 174 Mich App 139; 436 NW2d 383 (1988), concluded that the decision in *Stoudemire, supra,* also applies to situations where a defendant is convicted on the same day of multiple convictions arising out of separate transactions. The *Ellis* Court relied upon the *Stoudemire* Court's considerations of the "opportunity to reform" in interpreting the habitual offender statute. That is, in light of *Stoudemire, supra,* only one conviction may be counted for each opportunity to reform. Thus, defendant's first four convictions in 1976 count as only one conviction under the habitual offender statute since each of the four acts giving rise to the convictions occurred prior to his first conviction, and the two 1981 convictions together count as the second conviction under the habitual offender statute since, although both offenses occurred after the 1976 convictions, neither offense occurred prior to the conviction on the other. Thus, for habitual offender purposes, defendant has two prior felony convictions: one in 1976 and one in 1981. Accordingly, we conclude that defendant should have been convicted as a third-felony offender rather than as a seventh-felony offender. Accordingly, defendant's conviction as a seventh-felony offender is vacated and the matter is remanded to the trial court for entry of conviction as a third-felony offender and for resentencing as the same.

We have carefully considered the remaining arguments raised by both defendants and conclude that none merit either reversal or discussion.

Defendant Holguin's habitual offender conviction is reversed and the matter is remanded for resentencing. In all other respects, the convictions and sentences of both defendants are affirmed.